UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NEISES MILITARY HOUSING, INC.** | : | **DOCKET NO. 2:11-CV-00556** |
| **VERSUS** | : | **JUDGE JAMES T. TRIMBLE** |
| **MEGEN CONSTRUCTION CO. INC.,** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is the motion of plaintiff Neises Military Housing, Inc. ("Neises"), for an order staying the above-entitled action and an order compelling arbitration. Doc. 9. After due consideration, this court hereby GRANTS plaintiff's motion to stay and refers the parties to proceed with arbitration..

On April 8, 2011, plaintiff Neises Military Housing, Inc. filed suit in the United States District Court Western District of Louisiana against Megen Construction Company, Inc., Ohio Farmers Insurance Company ("OFIC"), Walton Construction Company, LLC ("Walton"), and Traveler's Casualty and Surety Co. ("Traveler's) alleging breach of contract claims. Plaintiff maintains that federal question jurisdiction exists pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134. Doc. 1, p. 1-2.

Plaintiff allege in its complaint, that defendant Walton was a generally contractor who entered into a construction contract with the United States through the U.S. Corp of Engineers, for the construction of a housing barracks at Fort Polk. Doc. 1, p. 3. After, acquiring the construction contract, defendant Walton allegedly entered into a subcontract agreement with defendant Megan. Doc. 1, p. 3. Subsequently, on or around July 1, 2009, Megen entered into a

subcontract with plaintiff Neises.  Doc. 1, pg. 3; *see also* Doc. 1, att. 2.  The written agreement entered into between defendant Megen and the plaintiff Neises contains a clause, "13.8", entitled "Binding Dispute Resolution."  *See* Doc. 1, att. 2, p. 7.

On April 21, 2011, plaintiff Neises, after filing their complaint in this court, filed a motion to stay proceedings, and compel arbitration in accordance with clause 13.8 of the agreement between themselves and defendant Megen.  Doc. 9.  On April 28, 2011, defendant Megen filed a memorandum in support of plaintiff's motion to stay and compel arbitration, agreeing that the written contract giving rise to the dispute compels arbitration, and that arbitration is in fact mandatory under the circumstances.  Defendant Megan also requests that this court stay proceedings and order arbitration.  *See* Doc. 11, p. 1.  None of the remaining defendants has objected to this request.

## DISCUSSION

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2,3,4 et seq., any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the dispute. The FAA eliminates district court discretion and requires the court to compel arbitration of issues covered by the arbitration agreement.  *See Dean Witter v. Reynolds, Inc. v. Byrd.*, 470 U.S. 213, 218 (1985).

## CONCLUSION

Because the parties' written agreement stipulates that disputes arising out of or related to their agreement shall be submitted to binding dispute resolution, because no party objects to a stay in proceedings or arbitration, and considering the fact that both parties to the contract in question requested that this court compel arbitration and stay proceedings,

IT IS ORDERED that Plaintiff's motion to stay proceedings pending arbitration be and it is hereby GRANTED. IT IS FURTHER ORDERED that this action is hereby STAYED and the parties to the contract are to proceed with arbitration.

THUS DONE this 22nd day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE